Robert C. P. Steiner, Esq.
The Steiner Firm, LLC
4 Rosemont Dr.
Tuscaloosa, AL 35401
Alabama Bar #: 6816Y11X
Attorney for Plaintiff
MS. SONIA PATRICK

**U.S. DISTRICT COURT**

**SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| MS. SONIA PATRICK<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA; and WHATLEY HEALTH SERVICES, INC., a corporation.<br><br>Defendants. | Case No.: 2:17-CV-525<br><br>**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:<br><br>Date Action filed:<br>Date set for trial: |

**COMPLAINT FOR DAMAGES UNDER FEDERAL TORT CLAIMS ACT**

Plaintiff, Sonia Patrick ("Patrick"), by counsel, for her complaint against the Defendants, United States of America and Whatley Health Services, Inc. ("Whatley Health Services"), states as Follows:

## I. INTRODUCTION

1. This is an action against the Defendant United States of America and Whatley Health Services, Inc. under the Federal Tort Claims Act, (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff Patrick by Defendants United States of America and Whatley Health Services.

2. The Claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff Patrick has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

4. The Suit has been timely filed, in that Plaintiff Patrick timely served notice of her claim on the Department of Health & Human Services less than two years after the incident forming the basis of the suit.

5. Plaintiff Patrick is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after waiting the requisite six (6) months and receiving no notice of further action being taken by the Department of Health & Human Services.

## II. PARTIES, JURISDICTION and VENUE

6. Plaintiff Patrick is, and at all times relevant to this action, a resident of Hale County, Alabama.

7. Defendant United States of America, through its agency, the Department of Health & Human Services, operates the Whatley Health Services, Inc. located at 2731 M.L. King Jr. BLVD Tuscaloosa, AL 35403.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Whatley Health Services, Inc. are hereinafter collectively referred to as "Whatley Health Services."

9. At all times relevant to this Complaint, Whatley Health Services held themselves out to the Plaintiff, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relevant to this complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Alabama.

## III. FACTUAL ALLEGATIONS

13. On or about Dec. 2, 2013, Plaintiff Patrick underwent a root canal procedure performed by Dr. Adrian Rowe at a Whatley Health Services clinic in Hale County, AL.

14. During the course of Plaintiff Patrick's root canal Dr. Rowe perforated the buccal surface of the tooth.

15. Dr. Rowe attempted to correct the perforation over several painful return visits to the clinic without telling Plaintiff Patrick that the continued treatment was due to an error in performing the root canal.

16. Plaintiff Patrick was eventually sent by the clinic administrator to a specialist to repair the damaged tooth. Plaintiff Patrick suffered extensive tissue loss in the gum area surrounding the tooth and the damaged tooth was lost when extracted.

17. Plaintiff Patrick had to receive painful treatment to the bone and to the gums to prepare the area for a dental implant and a crown.

18. Plaintiff Patrick was prescribed opioid pain medication by Dr. Rowe following the perforation of her tooth to manage her pain. Plaintiff Patrick has limited mobility due to a spinal cord injury and takes medication to aid her bowel movements.

19. Complications arose when Plaintiff Patrick developed pneumonia after being bedridden with severe constipation caused by the opioids prescribed by Dr. Rowe. Plaintiff Patrick had to be hospitalized to treat the pneumonia and the constipation. Dr. Rowe failed to warn Plaintiff Patrick of the possible complications of the opioids prescribed and failed to understand the risks particular to spinal cord injury patients with regard to the use of opioids.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## NEGLIGENCE

20. Plaintiff Patrick re-alleges and reincorporates each and every allegation above as if fully set forth herein.

21. The Defendant had a duty to provide ordinary care, and to exercise the standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

22. The Defendant breached its duty of care to Plaintiff Patrick.

23. At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees agents, and staff in order to meet its standards of quality of care to its patients, including Plaintiff Patrick.

24. The Defendant breached its duty by negligently providing sub-standard health care that resulted in the loss of Plaintiff Patrick's tooth, loss of bone and gum tissue, extensive

pain from needless oral health procedures, pain from severe bowel blockage, and loss of mobility due to hospitalization caused in part by the blockage.

25. The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents, and staff in order to meet its standards of quality of care to its patients, including Plaintiff Patrick.

26. The Defendant breached that duty by negligently retaining incompetent, inexperienced, unqualified, and/or inadequately trained operators, administrators, employees, agents, and staff.

27. As a direct and proximate result of Defendant's negligence, Plaintiff Patrick sustained serious and permanent personal injuries in and about her body; She has incurred medical expenses and other damages and will continue to incur medical expenses and other damages in the future; she was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future: She has suffered a loss of the enjoyment of life and will continue to suffer a loss of the enjoyment of life in the future.

28. The acts and/or omissions set forth above would constitute a claim under the law of the State of Alabama.

29. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## SECOND CAUSE OF ACTION

## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff Patrick re-alleges and reincorporates each and every allegation above as if fully set forth herein.

30. At all times relevant to this case the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

31. At all times relevant to this complaint the directors, officers, operators, administrators, employees, agents, and staff acted within their respective capacities and scopes of employment for the Defendant.

32. The directors, officers, operators, administrators, employees, agents, and staff negligently and/or recklessly, directly and proximately caused personal injury to Plaintiff Patrick, including both acts of omission and acts of commission.

33. As a direct and proximate result of Defendant's negligence, Plaintiff Patrick sustained serious and permanent personal injuries in and about her body; She has incurred medical expenses and other damages and will continue to incur medical expenses and other damages in the future; she was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future: She has suffered a loss of the enjoyment of life and will continue to suffer a loss of the enjoyment of life in the future.

34. The acts and/or omissions set forth above would constitute a claim under the law of the State of Alabama.

35. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for a judgment against Defendants for:

1. Medical expenses, pain and suffering, future impairment, and loss of enjoyment of life totaling $ 800,000; and
2. Compensatory damages to be paid by Defendants, according to proof at trial;
3. Punitive damages as the court deems appropriate;

4. Costs and attorney's fees of this lawsuit, with interest;

5. Any other relief as the court deems appropriate.

Dated: November 28, 2017

The Steiner Firm, LLC

Robert Steiner

Robert C. P. Steiner, Esq.
ALABAMA BAR #: 6816Y11X
Attorney for Plaintiff
MS. SONIA PATRICK