## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| SONIA PATRICK, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:17-00525-KD-N |
| | ) |
| UNITED STATES OF AMERICA and | ) |
| WHATLEY HEALTH SERVICES, | ) |
| INC., | ) |
|     Defendants. | ) |

## <u>REPORT AND RECOMMENDATIONS</u>

This action is before the Court on the motion to partially dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for an extension of time to file a responsive pleading as to any remaining issues (Doc. 12), and separate supporting memorandum (Doc. 13), filed by Defendant the United States of America, and the First Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (Doc. 18) filed by Defendant Whatley Health Services, Inc. ("Whatley")   The Court has referred both motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a).   *See* S.D. Ala. GenLR 72(b); (4/24/2018 & 5/3/2018 electronic referrals).

Plaintiff Sonia Patrick has timely filed a response (Docs. 20, 21) in opposition to the United States' motion, and the United States has timely filed a reply (Doc. 22) to the response.   Patrick filed no response to Whatley's motion, and the deadline to do so has passed.   (*See* Doc. 19).   Both motions are now under submission.   (*See* Docs. 17, 19).

# I.  *Legal Standards*

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true."  *E.g.*, *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013).  "[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint. If the challenge is facial, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised. Accordingly, the court must consider the allegations in the plaintiff's complaint as true. []A 'facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.  'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered. Furthermore,…the district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citations and quotations omitted).

## II.    *Analysis*

### A.    The Complaint

Patrick initiated this civil action by filing a two-count complaint (Doc. 1), alleging claims for money damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*,[1] arising from a root canal procedure performed on December 2, 2013, by Dr. Adrian Rowe, a dentist employed by Whatley at its Hale County, Alabama clinic.   Per the complaint's well-pleaded allegations, Dr. Rowe perforated the buccal surface of Patrick's tooth during the procedure, then attempted to correct the perforation over several painful return visits to the clinic without informing Patrick that the continued treatment was due to Dr. Rowe's error.   (Doc. 1, ¶¶ 14 – 15).   The clinic administrator eventually sent Patrick to a specialist to repair the damaged tooth.   (*Id.*, ¶ 16).   Patrick suffered extensive tissue loss in the gum area surrounding the damaged tooth, and the tooth itself was lost when extracted.   (*Id.*). Patrick had to receive painful treatment to the bone and gums to prepare the area for a dental implant and crown.   (*Id.*, ¶ 17).

Dr. Rowe also prescribed Patrick opioid pain medication after the tooth perforation.   (*Id.*, ¶ 18).   Patrick, who has limited mobility due to a spinal cord injury, takes medication to aid her bowel movements.   (*Id.*).   Complications arose when Patrick developed pneumonia after being bedridden with severe constipation,

---

[1] "Section 1346(b) of Title 28 provides that in civil actions for money damages against the United States 'for injury ... caused by the neglect or wrongful act or omission of any employee of the Government,' exclusive jurisdiction will be vested in the district courts."   *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. Jan. 12, 1981). *See also Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam) ("The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.").

resulting in the need for hospitalization. (*Id.*, ¶ 19). Dr. Rowe allegedly failed to warn Patrick of the possible complications of the prescribed opioid, and to understand the risks particular to spinal cord injury patients with regard to the use of opioids.

Based on the foregoing allegations, Patrick brings causes of action against the Defendants under the FTCA for negligence and for "vicarious liability, respondeat superior, ostensible agency, and/or agency."[2]

## B. Claims against Whatley

Whatley argues that it should be dismissed from this action because "[t]he United States is the only proper defendant in an FTCA action." *Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) (per curiam) (unpublished) (citing 28 U.S.C. § 2679(a), (b); *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam); *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988); *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985)).[3] *See also Hui v. Castaneda*, 559 U.S. 799, 801 (2010) ("When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, generally authorizes substitution of the United States as the defendant."). The United States supports this position, Patrick has offered no argument to the contrary, and the undersigned agrees. Accordingly, the claims against Whatley are

---

[2] "In a Federal Tort Claims Act action, the United States' liability is to be assessed as if its actions were the actions of a private party under the tort law of the state where the act or omission occurred." *Bush v. United States*, 703 F.2d 491, 495 (11th Cir. 1983) (quotations omitted).

[3] The Eleventh Circuit's "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

due to be **DISMISSED without prejudice** under Rule 12(b)(1) for lack of subject matter jurisdiction.[4]

## C.    Claims against United States

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued.   Through the enactment of the FTCA, the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims.   But in offering its consent to be sued, the United States has the power to condition a waiver of its immunity as broadly or narrowly as

---

[4]    "An FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."   *Galvin*, 860 F.2d at 183 (citing old Fifth Circuit cases rendered prior to October 1, 1981).   Whatley argues that it is a "deemed federal employee" because it "receives its federal funding pursuant to certain grants made under Section 330 of the Public Health Service Act."   (Doc. 18 at 2); *see Hui*, 559 U.S. at 806 (42 U.S.C. "§ 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. By its terms, § 233(a) limits recovery for such conduct   to suits against the United States.").   However, Whatley presents no evidence to support the assertion that it receives such grants.   *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("a sentence in an unsworn brief is not evidence" to support a jurisdictional fact).

Nevertheless, Whatley does not need to present evidence in a facial attack on jurisdiction, and the complaint alleges that Whatley is a "federal agency or employee" because the "United States of America, through its agency, the Department of Health & Human Services, operates" Whatley. (Doc. 1, ¶ 7). Moreover, the United States admits that Whatley "is deemed as an employee of the Public Health Services Act, pursuant to [the Federally Supported Health Centers Assistance Act of 1992], 42 U.S.C. § 233(g)-(n)[,]" thus subjecting it to liability under the FTCA for the actions of Dr. Rowe   (Doc. 15, ¶ 7; *see also* Doc. 13-2). *Cf. Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (a party's admission against interest can "carry evidentiary weight" when determining subject matter jurisdiction).

Even if Whatley is not a "federal agency or employee," however, it is still due to be dismissed as a party to this action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, since FTCA claims can only be asserted against the United States, *see supra*.

it wishes, and according to whatever terms it chooses to impose. That being so, a court must strictly observe the limitations and conditions upon which the Government consents to be sued and cannot imply exceptions not present within the terms of the waiver." *Zelaya v. United States*, 781 F.3d 1315, 1321–22 (11th Cir. 2015) (citations and quotation omitted).

> One such condition, set forth in 28 U.S.C. § 2675(a), requires that the administrative agency being sued receive notice and an opportunity to resolve the dispute without litigation:
>
>> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.
>
> 28 U.S.C. § 2675(a). If the claim is not presented in writing to the agency within two years after it accrues, it is forever barred. 28 U.S.C. § 2401(b).

*Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1236–37 (11th Cir. 2002). "A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements. To satisfy section 2675(a), a claimant must do two things: (1) give the appropriate agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place a value on his or her claim." *Burchfield v.*

*United States*, 168 F.3d 1252, 1254–55 (11th Cir. 1999) (citation and quotation omitted).

To satisfy the "written notice" requirement, "a claimant must give an administrative agency only enough information to allow the agency to begin its own investigation of the alleged events and explore the possibility of settlement. We do not require the claimant to provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery, or every factual detail that might be relevant. In short, the amount of information required is minimal. An administrative agency is deemed to be on notice not only of the theories of recovery stated in the claim, but of the theories of recovery that its reasonable investigation of the specific allegations of the claim should reveal." *Id.* at 1255 (citations and quotations omitted). This "does not mean that agency investigations must go beyond the scope of the matters alleged in administrative claims. Section 2675(a) does not require an agency to undertake an independent search for injuries or theories of liability that are not closely related to the matters described in the claim." *Id.* at 1256. However, "[a]n administrative claim can put an agency on notice of theories of liability not spelled out therein. All that is required is that the theory put forward in the complaint filed in the district court be based on the facts that are stated in the administrative claim." *Id. See also Brown v. United States*, 838 F.2d 1157, 1161 (11th Cir. 1988) (per curiam) ("Compelling a claimant to advance all possible causes of action and legal theories is overly technical and may frustrate the

purpose of the section 2675(a) notice requirement.   A 'claim' is not synonymous with a 'legal cause of action.' " (citation and some quotation marks omitted)).

Patrick submitted written notice dated September 25, 2015, to the Department of Health and Human Services using a government Standard Form 95 "Claim for Damage, Injury, or Death."[5]   (Doc. 13-1 [United States' Ex. 1]).[6]   In the "Basis of Claim" section, Patrick wrote: "Dr. Adrian Rowe, DMD of Whatley Health Clinic in Hale County, Alabama caused me personal injury as a result of dental malpractice, and then covered it up by not telling me about it."[7]   In the section asking for a description of "the nature and extent of each injury…which forms the basis of the claim," Patrick wrote: "Shattered my tooth during root canal.   Caused bone and gum loss, disfigurement, pain, distress, future operations."[8]

---

[5] *See* 28 C.F.R. § 14.2(a) ("(For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident…").

[6] The Government asserts, and Patrick does not dispute, that this is the only written notice Patrick administratively submitted for her present FTCA claims.   There is no indication that Patrick supplemented her notice with medical records or other supporting exhibits.

[7] Though her complaint alleges that the root canal procedure took place December 2, 2013, her written notice listed the "date and day of accident" as "November, 2013." However, the United States does not argue that the notice was deficient on this basis, and the Eleventh Circuit has held that an FTCA claimant need only provide an "approximate date of the incident."   *Tidd v. United States*, 786 F.2d 1565, 1568 (11th Cir. 1986).

[8] Patrick also "placed a value" of $800,000 on her claim in the written notice.   (*See* Doc. 13-1).   The DHHS acknowledged that received the written notice on October 2,

The United States argues that the Court lacks jurisdiction over Patrick's claims based on Dr. Rowe's alleged negligent prescription of opioids, as alleged in paragraphs 18 and 19 of the complaint,[9] as well as her entire Second Cause of Action for "vicarious liability, respondeat superior, ostensible agency and/or agency," because they were not sufficiently raised in her administrative notice. The United States raises no such challenge to Patrick's negligence claims based on the root canal procedure, and considering the statements in Patrick's administrative notice, *see infra*, the undersigned finds those were sufficiently raised in the notice.[10] Patrick argues that "the prescription of opioids to the plaintiff was related to the tortious conduct of Dr. Rowe in the treatment of Plaintiff's tooth" and that a reasonable investigation into her claim would have revealed this additional theory of liability.

In *Rise v. United States*, 630 F.2d 1068 (5th Cir. 1980), plaintiff Rise "presented a claim to the U.S. Army Claims Service, alleging that Army physicians

---

2015. (*See* Doc. 13-2). Because there is no indication DHHS made a final disposition beforehand, the claim was deemed denied by operation of law after six months from that date. *See* 28 U.S.C. § 2675(a). The present FTCA complaint was filed after that period, on November 29, 2017. (*See* Doc. 1).

[9] "Plaintiff Patrick was prescribed opioid pain medication by Dr. Rowe following the perforation of her tooth to manage her pain. Plaintiff Patrick has limited mobility due to a spinal cord injury and takes mediation to aid her bowel movements. Complications arose when Plaintiff Patrick developed pneumonia after being bedridden with severe constipation caused by the opioids prescribed by Dr. Rowe. Plaintiff Patrick had to be hospitalized to treat the pneumonia and constipation. Dr. Rowe failed to warn Plaintiff Patrick of the possible complications of the opioids prescribed and failed to understand the risks particular to spinal cord injury patients with regard to the use of opioids." (Doc. 1, ¶¶ 18 - 19).

[10] "[C]ourts…have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)

failed to diagnose and treat his wife's aneurysm in December 1972 and January 1973." 630 F.2d at 1071. However, the district court entered summary judgment in Rise's favor "on a different theory of liability: the Army's failure to take any medical responsibility for Mrs. Rise's care following her referral to South Fulton Hospital." *Id.* The United States argued that the district court was without jurisdiction to grant relief on this theory of liability because it "was not presented as part of the administrative complaint…" *Id.* The former Fifth Circuit disagreed, explaining:

> In describing the incident leading to his wife's death, Rise's administrative claim stated that on May 4, 1973, Mrs. Rise was taken to Fort McPherson Army Hospital, given a spinal tap and "immediately transferred to South Fulton Hospital." Clearly, this was sufficient to put the Army on notice that its actions in May were part of the chain of events that culminated in Mrs. Rise's death. We think the Army's investigation of the death should have produced…evidence that South Fulton Hospital facilities may have been inadequate for aneurysm surgery, and, consequently, that referring Mrs. Rise there might have been negligence. We conclude from this that Rise's claim put the Army on constructive notice that the May 1973 referral might have been negligent. Accordingly, Rise should be allowed to prosecute his case in court on theories of liability arising from the referral.

*Id.* at 1071–72 (citation omitted).

In *Burchfield*, the district court dismissed plaintiff Burchfield's FTCA claim for lack of subject matter jurisdiction after determining that "Burchfield's administrative claim had alleged only that the VA's doctors were negligent in prescribing Prednisone, while at trial Burchfield had raised a 'significant[ly] different claim[ ]' that the VA had 'caus[ed] or contribut[ed] to the exacerbation of osteoporosis by failing to diagnose it properly and by failing to treat it properly.' "

168 F.3d at 1254 (quoting the trial transcript). In so doing, "the district court…noted *Rise*'s holding that an administrative claim does not need specifically to enumerate all possible theories of liability. It nonetheless found that Burchfield's claim could not give notice of the issues raised in his lawsuit; this was not because Burchfield had failed to lay out all of his legal theories, but because he had not drawn the VA's attention to certain facts, such as his doctors' failure to diagnose osteoporosis, perform initial tests, and prescribe Vitamin D or calcium." *Id.* at 1256 Concluding that the district court "interpreted *Rise* too narrowly[,]" *id.*, the Eleventh Circuit reversed, explaining:

> Burchfield's administrative claim stated that his doctors prescribed Prednisone and that his "use of" the Prednisone caused osteoporosis. It gave the VA sufficient information, including the dates of his treatment and the names of his doctors, to allow the VA to refer to the medical records in its possession to investigate Burchfield's use of the medication and the surrounding circumstances. Burchfield presented evidence, in the form of Dr. Zizic's testimony, that a doctor who prescribed Prednisone to a patient in Burchfield's condition had a duty to monitor, and take steps to prevent, the medication's side effects. A person with reasonable expertise in medicine, investigating Burchfield's claim that his use of Prednisone caused osteoporosis, would therefore have asked whether the doctors who prescribed the Prednisone also undertook the closely related tasks of prescribing appropriate accompanying medication, such as calcium and Vitamin D, and monitoring the drug's effects, and would have discovered that they did not. Thus, Burchfield's administrative claim satisfied the requirements of section 2675(a) by giving the VA notice of the claims that he raised at trial, and the district court erred in finding that it lacked subject matter jurisdiction.

*Id.* at 1257.

In *Bush v. United States*, 703 F.2d 491 (11th Cir. 1983), which the United States cites in its reply, the decedent died after undergoing surgery at a Veterans Administration hospital.   After the VA denied the surviving spouse's administrative claim for wrongful death, she filed an FTCA lawsuit alleging "three bases of liability against the V.A.: 1) negligence in performing unnecessary cancer surgery, 2) failure to obtain the decedent's informed consent prior to the operation and 3) negligent post-operative care.   The district court held that it lacked jurisdiction over the second and third issues because they were not initially presented in her administrative claim to the V.A…"   703 F.2d at 493.   The Eleventh Circuit reversed dismissal of the "negligent post-operative care" claim, holding

> that the administrative claim was sufficient to put the government on notice that the post-operative treatment was part of Mrs. Bush's complaint. The date of the injury was listed as March 1, 1976 to May 6, 1976, the time period from the initial surgery to the date of death. Additionally, in the blank space on the claim form for "Description of Accident", Mrs. Bush wrote, "See Attached Hospital Summary, Autopsy Report, and Independent Medical Evaluation." The government admits that the medical report "makes reference to the 'post operative bleeding' complication and suggests that the V.A. physicians should have reoperated sooner than they did."

*Id.* at 494.   However, the Eleventh Circuit affirmed dismissal of the "informed consent" claim, noting that "[n]either the claim nor the attached medical evaluation contained any challenge to the consent form signed by Mr. Bush prior to the surgery[,]" and "[t]here was no allegation that the doctors failed to disclose the risks involved in the medical procedures."   *Id.* at 495.   *See also Orlando Helicopter Airways v. United States*, 75 F.3d 622, 626 (11th Cir. 1996) ("OHA's readjustment

claims fail to give the government sufficient information to investigate alleged misconduct on the part of government officials. Although OHA complains in its readjustment claims that 'an alleged "Whistle Blower" presented false information as to the quality of the helicopters,' that this information 'precipitated a long, bitter and costly investigation,' and that the DCIS's investigation was 'unwarranted,' this language only indicates misconduct on the part of the whistleblower. Because the language included in OHA's readjustment claims cannot reasonably be interpreted as providing the government with adequate notice of OHA's malicious prosecution and abuse of process claims, we hold that OHA failed to satisfy the jurisdictional prerequisite of 28 U.S.C. § 2675(a).").

The undersigned finds the procedural posture of Patrick's negligence claims arising from Dr. Rowe's prescription of opioids most analogous to that of the "informed consent" claims dismissed in *Bush*. Patrick's administrative notice makes no mention of Dr. Rowe's opioid prescriptions, any of the alleged complications Patrick experienced (i.e. constipation and pneumonia), or her resulting hospitalization. When asked to list the names of witnesses and their addresses in her notice, she listed one person at Whatley's Hale County clinic and two doctors at University Oral & Facial in Tuscaloosa, Alabama (presumably the "specialist" Patrick claims she was referred to by Whatley to repair her damaged tooth). While a review of Whatley's records would certainly reveal that Dr. Rowe had prescribed Patrick opioids, there is no indication that Patrick was hospitalized for her pneumonia and constipation at either University Oral & Facial or a Whatley clinic,

or that she ever informed employees of either of those businesses about those complications, such that the United States might reasonably have been expected to discover records indicating those complications during its investigation of Patrick's administrative claim.

The law of this circuit does not require the United States "to undertake an independent search for injuries or theories of liability that are not closely related to the matters described in the claim." *Burchfield*, 168 F.3d at 1256. Without any mention of opioids or resulting complications in Patrick's administrative claim, and without any expectation that a review of Whatley or University Oral & Facial's records would reveal evidence of the alleged medication complications, the United States could not reasonably have been apprised that failure to warn of the side effects of opioids was part of the "dental malpractice" Patrick alleged in her administrative claim, especially considering that opioid pain management otherwise appeared appropriate in light of Patrick's express admission that her shattered tooth caused her pain. (Doc. 13-1). Accordingly, Patrick's FTCA claims based on Dr. Rowe's alleged negligent prescription of opioids are due to be **DISMISSED without prejudice** under Rule 12(b)(1) for lack of subject matter jurisdiction for failure to provide the United States written notice of them as required by § 2675(a).[11]

As for Patrick's Second Cause of Action for "vicarious liability, respondeat superior, ostensible agency and/or agency," the undersigned finds that the

---

[11] Because failure to satisfy the notice requirement mandates dismissal, the Court need not determine whether those claims are also time-barred under the FTCA's two-year statute of limitations, as the United States argues.

administrative claim was sufficient to give notice of this theory of liability, since the claim clearly sought compensation for her injuries from the DHHS for the actions of Dr. Rowe. However, in its reply, the United States also argues that the Second Cause of Action "must separately be dismissed for failure to state a claim under Rule 12(b)(6) because it is duplicative of her underlying negligence claim." (Doc. 22 at 3). The Court generally does not condone raising arguments for the first time in a reply brief. Moreover, while the authority cited by the United States supports the conclusion that the FTCA already imposes *respondeat superior* liability,[12] such that it is not necessary to plead *respondeat superior* liability as a separate theory of recovery, mere redundancy does not mean that Patrick's Second Cause of Action fails "to state claim upon which relief can be granted," as is required for dismissal under Rule 12(b)(6).

However, under Federal Rule of Civil Procedure 12(f), the Court may, on its own, "strike from a pleading…any redundant…matter." The undersigned finds that Patrick's Second Cause of Action is redundant of her FTCA negligence claims in her First Cause of Action, and will therefore recommend that the Court *sua sponte* **STRIKE** the Second Cause of Action under Rule 12(f).

### D.     Extension of Time for Responsive Pleading

Under Federal Rule of Civil Procedure 12(a)(4)(A), the serving of a Rule 12(b) motion alters the time to serve a responsive pleading to within 14 days of notice of the court's denial of the motion, "[u]nless the court sets a different time[.]" The

---

[12] *See Lomando v. United States*, 667 F.3d 363, 373-74 & n.8 (3d Cir. 2011) (citing cases).

United States' motion to partially dismiss also moves the Court "to allow thirty (30) days to file an answer or other responsive pleading to any remaining issues upon this Court's ruling," relief which the Plaintiff does not oppose. (Doc. 12 at 2). To the extent the United States' motion for extension of time to file a responsive pleading has not been rendered moot by the subsequent service of its answer to the complaint (Doc. 15), the undersigned **RECOMMENDS** that the motion for extension of time be **GRANTED**, and that the Rule 12(a)(4)(A) deadline for the United States to file its responsive pleading be extended from 14 days to 30 days following entry of the Court's order disposing of the United States' motion to dismiss.

### III.    *Conclusion*

In accordance with the foregoing analysis, and pursuant to § 636(b)(1)(B)-(C) and Rule 72(b)(1), the undersigned **RECOMMENDS** as follows:

1. that Whatley's First Motion to Dismiss (Doc. 18) be **GRANTED** under Rule 12(b)(1), and alternatively under Rule 12(b)(6);

2. that the United States' motion to partially dismiss (Doc. 12) be **GRANTED** under Rule 12(b)(1) as to Patrick's tort claims related to Dr. Rowe's prescription of opioids, and otherwise be **DENIED**;

3. that the United States' unopposed motion for extension of time to file a responsive pleading (Doc. 12) be **GRANTED**, such that the Rule 12(a)(4)(A) deadline for the United States to file its responsive pleading be extended from 14 days to 30 days following entry of the Court's order disposing of the United States' motion to dismiss; and

4. that the Court *sua sponte* **STRIKE** the complaint's Second Cause of Action under Rule 12(f) as redundant.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 6th day of July 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**