IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SONIA PATRICK, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION: 2:17-00525-KD-N |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant's summary judgment motion (Doc. 36) and Plaintiff's Response (Doc. 39).

**I.**  **Findings of Fact**[1]

On December 2, 2013, Plaintiff Sonia Patrick (Patrick) underwent a root canal procedure performed by Dr. Adrian Rowe (Dr. Rowe), a staff dentist employed by Whatley Health Services, Inc. (Whatley) in Hale County, Alabama at the Hale County Dental Clinic. On November 29, 2017, Patrick initiated this litigation against Defendants the United States of America (United States) and Whatley,[2] alleging violations of the *Federal Tort Claims Act* (FTCA), 28 U.S.C. § 2671 *et seq*. and 28 U.S.C. § 1346(b)(1), and asserting two (2) claims: 1) negligence (First Cause of Action) regarding her medical treatment/care; and 2) vicarious liability, *respondeat superior*, ostensible agency/agency (Second Cause of Action). (Doc. 1).

---

[1] The facts are taken in the light most favorable to the non-movant. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

[2] Per the United States, "Whatley is a covered entity under the Federally Supported Centers Assistance Act of 1992 (FSHCAA) and its employees are deemed to be employees of the Federal Public

As alleged, during the root canal procedure Dr. Rowe perforated the buccal surface of Patrick's tooth and attempted to correct the perforation over several painful return visits to the clinic without informing her that the continued treatment was due to his error. The clinic administrator sent Patrick to a specialist to repair the damaged tooth. Patrick suffered extensive tissue loss in the gum area surrounding the damaged tooth, and the tooth was eventually extracted. Patrick also had to receive painful treatment to the bone and gums to prepare the area for a dental implant and crown. Dr. Rowe prescribed Patrick opioid pain medication after the tooth perforation. Patrick, who has limited mobility due to a spinal cord injury, takes medication to aid her bowel movements. Complications arose when Patrick developed pneumonia after being bedridden with severe constipation resulting in hospitalization. Dr. Rowe allegedly failed to warn Patrick of the possible complications of the prescribed opioid, and to understand the risks particular to spinal cord injury patients with regard to the use of opioids.

On April 23, 2018, the United States moved to dismiss Patrick's claims. (Docs. 12, 13). On May 3, 2018, Whatley moved to dismiss Patrick's claims. (Doc. 18). On July 24, 2018, the undersigned adopted the Magistrate Judge's July 6, 2018 Report & Recommendation (Doc. 27) resulting in the dismissal of: all of Patrick's claims against Whatley; Patrick's second cause of action (vicarious liability, *respondeat superior*, ostensible agency and/or agency); and Patrick's tort claims relating to Dr. Rowe's prescription of opioids (that Dr. Rowe failed to warn her of the dangers of opioid treatment). (Doc. 29). This left Patrick's negligence claims against the United States (with regard to her medical treatment and care), which are before the Court.

---

Health Service for the purposes of medical malpractice liability claims." (Doc. 36 at 2).

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c) provides as follows:

> *(c) Procedures*
> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v.

Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

### III. Negligence in Medical Care/Treatment: FTCA & AMLA

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit…Sovereign immunity is jurisdictional in nature…the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" F.D.I.C. v. Meyer, 510 U.S. 471, 474 (1994) (internal citations omitted). The United States consents to be sued via the FTCA, 28 U.S.C. § 1346 *et seq*. as follows:

> …district courts...shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). See, e.g., Zelaya v. United States, 781 F.3d 1315 (11th Cir. 2015) (same). As the alleged injury occurred in Hale County, Alabama, Patrick's medical negligence claims is governed by the law of Alabama.

4

In Alabama, medical liability/injury claims are governed by *The Alabama Medical Liability Act of 1987* (AMLA), Ala. Code §§ 6-5-540 *et seq*. and Ala. Code §§ 6-5-480 *et seq*. (Medical Liability Actions). Section 6-5-484 defines the degree of care that dentists owe to a patient: "In performing professional services for a patient, a…dentist's duty to the patient shall be to exercise such reasonable care, diligence, and skill as…dentists in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case…." Ala. Code § 6-5-484(a). See, e.g, Bradford v. McGee, 534 So.2d 1076, 1079 (Ala. 1988) (same). The AMLA further defines the standard of care and a breach of same as: "that level of such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in like cases. A breach of the standard of care is the failure by a health care provider to comply with the standard of care, which failure proximately causes personal injury….This definition applies to all actions for injuries or damages…whether….tort and whether based on intentional or unintentional conduct." Ala. Code § 6-5-542(2).

As set forth in Bain v. Colbert Cty. Northwest Ala. Health Care Auth., 233 So.3d 945, 953 (Ala. 2017) (citing Kraselsky v. Calderwood, 166 So.3d 115, 118-119 (Ala. 2014)) (emphasis in original):

> To prevail in a medical-malpractice action under the…AMLA…a plaintiff must establish 1) the appropriate standard of care, 2) that the defendant health-care provider breached that standard of care, and 3) a proximate causal connection between the health-care provider's alleged breach and the identified injury. *Morgan v. Publix Super Markets, Inc.*, 138 So.3d 982, 986 (Ala. 2013)….

5

"The AMLA…require[s] a plaintiff to present expert testimony to support his or her claims, and, absent the application of an exception, the failure of the plaintiff to do so is usually fatal to his or her claim." Cobb v. Fische, 20 So.3d 1253, 1259 (Ala. 2009).

## IV. Discussion

The United States' motion for summary judgment is based on Patrick's failure to identify medical expert testimony that would establish that Dr. Rowe breached the applicable standard of care. The United States contends that "[i]n the absence of viable expert testimony, Plaintiff has not supported a theory of medical malpractice…[and her] failure to establish a breach of the applicable standard of care and causation necessitates entry of judgment in the United States' favor." (Doc. 36 at 7). The United States further argues that because it has made the "requisite showing of non-liability, the plaintiff, in order to avoid…..summary judgment….must present expert witness testimony that the defendant breached the standard of care." (Doc. 36 at 6).[3] In support, the United States submits the affidavit of Dr. Rowe in which he asserts *his* belief that his efforts to repair Patrick's damaged tooth (medical care provided) did not deviate from the applicable standard of care. (Doc. 36-1 (Aff. Rowe).

Patrick summarily responds, in a two page response, that her burden of proof may be met by her own testimony. In other words, her testimony alone is sufficient to establish that Dr. Rowe breached the standard of care for dentists in his treatment and that this breached caused her injuries. Patrick does not cite any authority for this proposition nor does she present any evidence to support her contention.

---

[3] Citing "*Pruitt v. Zeiger*, 590 So.2d 236, 237-38 (Ala. 1991); *Swendsen v. Gross*, 530 So.2d 764, 768 (Ala. 1988) (*per curiam*); *Anderson v. Alabama Reference Labs*, 778 So.2d 806, 811 (Ala. 2000); *Watson v. Aldrete*, Civil Action No. 02-T-137-S, 2002 U.S. Dist. LEXIS 25778 (M.D. Ala. 2002)."

As explained in Pruitt v. Zeiger, 590 So.2d 236, 238 (Ala. 1991) (internal citations omitted, emphasis added) while a "plaintiff in medical malpractice action must *ordinarily* establish a physician's negligence through expert testimony as to standard of care and proper medical treatment…*[a]n exception exists when the breach is obvious to the average lay person.*" Similarly, in Anderson v. Alabama Ref. Labs, 778 So.2d 806, 811 (Ala. 2000) (emphasis added): "*[a]n exception to this rule exists* 'in a case where want of skill or lack of care is so apparent…as to be understood by a layman, and requires only common knowledge and experience to understand it.'" See also e.g., Michel v. Federal Bureau of Prisons FCI, 2018 WL 6579992, *9-10 (N.D. Ala. Nov. 20, 2018) (discussing the medical expert testimony exception); Womack v. U.S., 2011 WL 722027, *7 (M.D. Ala. Jan. 31, 2011), Report & Recommendation, *adopted by* 2011 WL 720075 (M.D. Ala. Feb. 22, 2011) (emphasis added) (same).

The Supreme Court stated in Celotex: "we do not think….the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact…. Instead…the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325. The United States has met its burden of showing an absence of evidence.

Patrick has wholly failed to adequately respond. Although there is an exception to providing expert testimony, Patrick has failed to even attempt to explain how the exception is applicable in this case. And based on the record, which is sparse at best, there is no basis for this Court to find that Dr. Rowe's alleged lack of care is so apparent as to be understood by a layman.

## V. Conclusion

Based on the evidence presented, no reasonable trier of fact would have a basis for finding that Dr. Rowe breached the standard of care. This is because Patrick fails to present any evidence in her response to the motion for summary judgment. It is **ORDERED** that the United States' motion for summary judgment (Doc. 36) is **GRANTED.**

**DONE** and **ORDERED** this the **6th** day of **May 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**